IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 8, 2020

**STATE OF TENNESSEE v. TRACY LYNN HARRIS**

**Appeal from the Circuit Court for Carroll County**
**No. 20CR1470PC   Donald E. Parish, Judge**

_____

**No. W2019-00834-CCA-R3-CD**

_____

Pro-se petitioner, Tracy Lynn Harris, appeals from the Carroll County Circuit Court's summary dismissal of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36. Upon review, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Court of Criminal Appeals**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Tracy Lynn Harris, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Matthew F. Stowe, District Attorney General; and James B. Webb, Assistant District Attorney General, for the Appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 2000, pursuant to a written plea agreement, the Petitioner entered guilty pleas to first-degree murder of Madelyn Ruth Bomar, the victim, during the perpetration of a felony, namely, aggravated burglary and aggravated rape, and a stand-alone count of aggravated rape of the victim in exchange for a negotiated sentence of life without parole and twenty years' imprisonment, to be served concurrently. The record showed the State had previously filed notice of its intent to seek the death penalty. Although the Petitioner did not file a direct appeal of his convictions, over the next twenty years, the Petitioner unsuccessfully challenged the validity of his guilty pleas in both state and federal court. See Harris v. Holloway, No. 1:12-cv-01204-JDB-egb, 2015 WL 3823945 (W.D. Tenn. June 19, 2015) (outlining procedural history and denying federal habeas corpus relief);

Harris v. Lee, No. 1:12-cv-01204-JDB-egb, 2015 WL 7458650 (W.D. Tenn. Nov. 23, 2015) (order denying petition for rehearing of denial of federal habeas corpus relief); Harris v. State, No. W2011-01578-CCA-R3-PC, 2011 WL 6747474, at *2 (Tenn. Crim. App. Dec. 21, 2011) (affirming denial of post-conviction relief from the entry of the amended judgment and concluding, in light of Ward v. State, 315 S.W.3d 461 (Tenn. 2010), that any error in amending the judgment to include lifetime supervision was harmless because the Petitioner was serving a sentence of life without parole and would never be subject to the amendment); Harris v. Worthington, No. E2008-02363-CCA-R3-HC, 2010 WL 2595203, at *1 (Tenn. Crim. App. June 29, 2010) (noting that the aggravated rape conviction was void; however, affirming denial of state habeas corpus relief and remanding for entry of corrected judgment because the Petitioner failed to establish that lifetime community supervision condition was a bargained-for-element of the plea); Harris v. State, No. W2008-02507-CCA-R3-CD, 2009 WL 1362365 (Tenn. Crim. App. May 15, 2009) (affirming denial of the Petitioner's motion to withdraw his guilty pleas as untimely); Harris v. Worthington, No. E2008-00603-CCA-R3-HC, 2008 WL 3892031, at *1 (Tenn. Crim. App. Aug. 22, 2008) (rejecting Petitioner's claim that his guilty plea to an unrelated escape conviction was void).

On March 15, 2019, the Petitioner filed the instant motion to correct an alleged clerical error on the judgment form for his first-degree felony murder conviction. In his motion, he specifically argues that the judgment form for the first-degree felony murder conviction did not contain a notation of "Violent 100%" as required by Tennessee Code Sections 40-35-501(i) and 40-35-209(e)(1)(G). See e.g., Michelle Tipton v. State, No. M2011-00190-CCA-R3-HC, 2011 WL 6291811, at *3 (Tenn. Crim. App. Dec. 13, 2011) (citing Tenn. Code Ann. § 40-35-209(e)(1)(G) ("A judgment must state if a defendant was 'sentenced as a one hundred percent (100%) offender pursuant to § 40-35-501(i).'"). By written order, the trial court found no clerical error on the judgment and summarily denied the motion on April 15, 2019. The Petitioner filed a timely notice of appeal on May 13, 2019.

Upon our review, we agree with the trial court, and conclude there is no clerical error in the judgment form. See Tenn. Code Ann. § 40-35-501 (a)(2), (h)(2) ("Except for inmates who receive sentences of imprisonment for life without possibility of parole, only inmates with felony sentences of more than two (2) years or consecutive felony sentences equaling a term greater than two (2) years shall be eligible for parole consideration.")("There shall be no release eligibility for a defendant receiving a sentence of imprisonment for life without possibility of parole for first degree murder or aggravated rape of a child."). Indeed, the Petitioner's judgment form for the first-degree felony murder conviction does not have a notation for the box preceding "Violent 100%," because the judgment form was entered on March 20, 2000, which was prior to the effective date of Tennessee Code Annotated section 40-35-209(e)(1)(G). See 2000 Pub. Acts, ch. 800, §§

3, 4, eff. July 1, 2000.  Also, the uniform judgment form in effect at the time did not provide a "Violent 100%" box, which lends credence to why the trial court left the box blank on the first-degree felony murder judgment form at issue here.  See Tenn. Sup. Ct. Rule 17 (1999) (appending the judgment document for the use of all trial judges of courts of record for convictions in all cases falling within the Tennessee Criminal Sentencing Reform Act of 1989).  Because the Petitioner was convicted of first-degree felony murder and received a sentence of life without parole, he will never be released from imprisonment. Accordingly, the judgment form reflects, consistently with the applicable law, that notation of the "Violent 100%" release eligibility box was properly omitted.  The Petitioner is not entitled to relief.

When an opinion would have no precedential value, this Court may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in the proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.  See Tenn. Ct. Crim. App. R. 20.  We conclude that this case satisfies the criteria of Rule 20.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. MCMULLEN, JUDGE

- 3 -